IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-20-295-001-F |
| ) | |
| OSCAR DE JESUS LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Oscar De Jesus Lopez, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part A to Amendment 821 to the United States Sentencing Guidelines.[1] Doc. no. 73. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 76. The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to a one-count Superseding Information, charging felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

The Probation Office prepared a final presentence investigation report (doc. no. 40). It calculated defendant's base offense level at 24. Defendant received a four-level enhancement under U.S.S.G.[2] § 2K2.1(b)(6)(B) because he used a firearm in connection with another felony offense and a two-level enhancement under

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

U.S.S.G. § 3C1.1 because he directed Misti Jefferies to destroy or conceal the ammunition located at his residence, resulting an adjusted offense level of 30. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 27.

Based on his criminal history, defendant was assessed a criminal history score of 12. Because defendant committed his offense while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d), for a total criminal history score of 14. A criminal history score of 14 established a criminal history category of VI. With a total offense level of 27 and a criminal history category of VI, defendant's advisory guideline imprisonment range was 130 months to 162 months. However, because the statutorily authorized maximum sentence of 10 years was less than the minimum of the advisory guideline imprisonment range, the guideline term of imprisonment became 120 months.

At sentencing, the court adopted the final presentence investigation report without change. The court sentenced defendant to a term of imprisonment of 120 months. Judgment was entered on July 2, 2021. Defendant filed a direct appeal. Upon motion by defendant, the Tenth Circuit dismissed the appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Part A of Amendment 821, which became effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history points (status points) for committing his offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

2

lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 74), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be reduced by one, resulting in defendant having a total criminal history score of 13 instead of 14. With a total criminal history score of 13, defendant's criminal history category would remain at VI, resulting in the same guideline imprisonment range of 120 months. Because application of Part A of Amendment 821 would not have the effect of lowering defendant's applicable guideline range, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See*, U.S.S.G. § 1B1.10(a)(2)(B). Defendant's motion will therefore be dismissed.

4

Accordingly, defendant Oscar De Jesus Lopez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 73) based on Part A to Amendment 821 of the United States Sentencing Guidelines is **DISMISSED**.

IT IS SO ORDERED this 17th day of December, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0295p015.docx